**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1733

KOIKOI GUILAVOGUI,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A97-188-480)

Submitted:  July 24, 2006          Decided:  August 2, 2006

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Joseph Peter Drennan, Alexandria, Virginia; Paul S. Allen, PAUL SHEARMAN ALLEN & ASSOCIATES, Washington, D.C., for Petitioner. Paul J. McNulty, United States Attorney, Kevin J. Mikolashek, Assistant United States Attorney, Alexandria, Virginia, for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Koikoi Guilavogui, a native and citizen of Guinea, petitions for review of a decision of the Board of Immigration Appeals (Board) affirming, without opinion, the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. Because the Board affirmed under its streamlined process, see 8 C.F.R. § 1003.1(e)(4) (2006), the immigration judge's decision is the final agency determination. See Camara v. Ashcroft, 378 F.3d 361, 366 (4th Cir. 2004).

Guilavogui challenges the immigration judge's finding that he failed to meet his burden of proof to qualify for asylum. We will reverse this decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted). We have reviewed the evidence of record and the immigration judge's decision, and we conclude that substantial evidence supports the conclusion that Guilavogui failed to show past persecution or the well-founded fear of future persecution necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2006) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same).

- 2 -

Moreover, since Guilavogui cannot sustain his burden on the asylum claim, he cannot establish his entitlement to withholding of removal. See Camara, 378 F.3d at 367 ("Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

We also find that substantial evidence supports the immigration judge's finding, as affirmed by the Board, that Guilavogui fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2006). Guilavogui failed to make the requisite showing before the immigration judge.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 3 -